# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DANNY W. MARTIN,

        Petitioner,

        v.

STATE OF ALASKA,

        Respondent.

Case No. 4:23-cv-00028-SLG

## ORDER OF DISMISSAL

On November 21, 2023, Danny W. Martin ("Petitioner"), a self-represented pretrial detainee in the custody of the State of Alaska, filed a petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Section 2241") and paid the filing fee.[1] On December 4, 2023, Mr. Martin filed a civil cover sheet.[2] The Court takes judicial notice[3] of Petitioner's ongoing criminal cases, *State of Alaska vs. Martin,* Case Nos. 4FA-22-02572CR and 4FA-23-00371CR.[4]

## SCREENING REQUIREMENT

---

[1] Docket 1.

[2] Docket 2.

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *See also* Fed. R. Evid. 201*; Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[4] Publicly available records of the Alaska Trial Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

A court must "promptly examine" a habeas petition.[5] If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the Court must dismiss the petition.[6] 28 U.S.C. § 2241 ("Section 2241") provides federal courts with general habeas corpus jurisdiction.[7] Section 2241 is the proper avenue for a state prisoner who seeks to challenge his state custody when there is no state judgment, such as here, where Mr. Martin challenges his pretrial detention.[8] However, upon screening, it plainly appears that Mr. Martin is not entitled to relief, and his petition must be dismissed.

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[9] The writ is "a vital 'instrument for the protection of individual liberty' against government power."[10] A federal district court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[11] A petitioner may challenge

---

[5] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts. *See also* Local Habeas Corpus Rule 1.1(c)(2) ("Except as otherwise specifically provided by statute, rule or order of the court… the Rules Governing Section 2254 Cases in the United States District Courts, apply to all petitions for habeas corpus relief filed in this court.").

[6] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts.

[7] *Rasul v. Bush,* 542 U.S. 466, 473 (2004).

[8] *See Magana-Pizano v. INS,* 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

[9] *Rasul,* 542 U.S. at 473.

[10] *Gage v. Chappell,* 793 F.3d 1159, 1167 (9th Cir. 2015) (quoting *Boumediene v. Bush,* 553 U.S. 723, 743 (2008)).

[11] 28 U.S.C. § 2241(c)(3).

Case No. 4:23-cv-00028-SLG, *Martin v. State of Alaska*
Order of Dismissal
Page 2 of 10
Case 4:23-cv-00028-SLG   Document 3   Filed 12/27/23   Page 2 of 10

his pretrial detention under Section 2241.[12]  But a district court must dismiss a habeas petition if it raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted.[13]

### 1. Summary of Relevant Facts

Mr. Martin was arrested on December 16, 2022, for driving under the influence.[14]  Because Mr. Martin had previously been convicted of driving under the influence two or more times within the 10 years proceeding his arrest, he was charged with a class C felony ("Case 1").[15]  Mr. Martin was released from custody after posting $1,000 bail on December 19, 2023.[16] On February 23, 2023, Mr. Martin was arrested for driving under the influence, charged with another class C felony ("Case 2")[17] and his vehicle was impounded ("Case 3").[18]

Mr. Martin was arraigned in Case 2 on June 14, 2023, and charged with violating the conditions of his release in Case 1 on June 17, 2023. On June 19, 2023, Mr. Martin posted $2,500 bail in Case 2 and $1,000 in Case 1 and was put

---

[12] *See Stow v. Murashige,* 389 F.3d 880, 885–8 (9th Cir. 2004) (citations and quotations omitted).

[13] 28 U.S.C. § 1915A(b).

[14] *State of Alaska vs. Martin,* Case No. 4FA-22-02572CR, Date of Offense: 12/15/2022.

[15] *State of Alaska vs. Martin,* Case No. 4FA-22-02572CR, Charge 1: AS28.35.030(n) (Felony DUI - 2+ Priors).

[16] *State of Alaska vs. Martin,* Case No. 4FA-22-02572CR, Financial Docket Information.

[17] *State of Alaska vs. Martin,* Case No. 4FA-23-00371CR, Charge 1: AS28.35.030(n) (Felony DUI - 2+ Priors).

[18] *City of Fairbanks vs. Martin,* Case No. 4FA-23-01255CI (Vehicle Impoundment/Forfeiture action filed 02/27/2023 with Offense Date of 02/23/2023).

Case No. 4:23-cv-00028-SLG, *Martin v. State of Alaska*
Order of Dismissal
Page 3 of 10
Case 4:23-cv-00028-SLG   Document 3   Filed 12/27/23   Page 3 of 10

on house arrest with GPS monitoring.[19] After Mr. Martin was arrested again on July 2, 2023, for allegedly consuming alcohol in his home in violation of his conditions of release,[20] the state court judge determined he was a danger to the community and a flight risk and imposed $2,000 bail. Mr. Martin posted bail and was released the same day.[21]

However, according to Mr. Martin, although he had posted a total of $5,000 bail in Case 1 and $2,500 in Case 2, the trial court remanded him back to custody on July 7, 2023,[22] and entered an order stating defendant could not be released until the court approved the conditions of release.[23] The Department of Corrections filed a Pretrial Risk Assessment Report on July 11, 2023,[24] and Mr. Martin has remained in custody to date. Case 2 is scheduled for trial the first week of January 2024, and Case 1 is scheduled for trial the week of February 5, 2024.

---

[19] Docket 1 at 13. The state court docket for Case 1 includes four subsequent misdemeanor charges for violating the conditions of his release (AS 11.56.757(a)) on January 19 (Charge 2), March 28 (Charge 3), June 17 (Charge 4), and July 2 (Charge 5), 2023.

[20] Docket 1 at 14.

[21] Docket 1 at 7.

[22] Docket 1 at 11; Docket 1-1 at 6.

[23] *State of Alaska vs. Martin,* Case No. 4FA-22-02572CR, Docket 07/07/2023 ("Bail Amount (Warrants Only): $5,000… The defendant may not be released until the court approves conditions of release.")

[24] *State of Alaska vs. Martin,* Case No. 4FA-22-02572CR, Docket 07/11/2023 (Pretrial Risk Assessment Report (DOC)).

Case No. 4:23-cv-00028-SLG, *Martin v. State of Alaska*
Order of Dismissal
Page 4 of 10
Case 4:23-cv-00028-SLG   Document 3   Filed 12/27/23   Page 4 of 10

Mr. Martin claims the traffic stop on December 15, 2022, was unconstitutional.[25] He also challenges his conditions of pretrial release—including the third party condition and the prohibition on drinking alcohol in his home[26]—and the trial court's decision to remand him back to custody after he posted bail.[27] Mr. Martin alleges the trial court is abusing its authority by imposing full cash bail but not re-releasing him with electronic monitoring.[28] Mr. Martin also asserts double jeopardy prevents the trial court from charging him with both a new felony in Case 2 and a violation in Case 1 based on the same alleged event on February 23, 2023.[29] He claims that habeas relief from the state court is non-existent,[30] and that, in any event, Alaska has become a "Banana Republic" and has no authority over him.[31] For relief, Mr. Martin seeks his immediate release and that this Court "grant his habeas corpus."[32]

//

//

//

---

[25] Docket 1 at 7-8.

[26] Docket 1 at 8, 14-16.

[27] Docket 1 at 7-8.

[28] Docket 1 at 2, 13.

[29] Docket 1 at 2.

[30] Docket 1 at 7.

[31] Docket 1 at 15.

[32] Docket 1 at 8.

Case No. 4:23-cv-00028-SLG, *Martin v. State of Alaska*
Order of Dismissal
Page 5 of 10
Case 4:23-cv-00028-SLG   Document 3   Filed 12/27/23   Page 5 of 10

### 2. *Younger* Abstention

*Younger* abstention, first announced by the U.S. Supreme Court in *Younger v. Harris*,[33] directs that "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."[34] *Younger* abstention applies when the following four requirements are met:

(1) there is an ongoing state judicial proceeding;

(2) the proceeding implicates important state interests;

(3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and

(4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.[35]

If a case satisfies these four requirements, a federal court must abstain from exercising jurisdiction over it unless there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."[36]

The Ninth Circuit has recognized an "irreparable harm" exception to *Younger* abstention that applies only "under extraordinary circumstances where the danger

---

[33] 401 U.S. 37 (1971).

[34] *Sprint Commc'ns, Inc. v. Jacobs,* 571 U.S. 69, 72 (2013).

[35] *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (quoting *Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019)).

[36] *Id.* (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)).

Case No. 4:23-cv-00028-SLG, *Martin v. State of Alaska*
Order of Dismissal
Page 6 of 10
Case 4:23-cv-00028-SLG   Document 3   Filed 12/27/23   Page 6 of 10

of irreparable loss is both great and immediate."[37] The Ninth Circuit has applied this limited exception to a pretrial detainee's "colorable claim that a state prosecution [would] violate the Double Jeopardy Clause,"[38] to "a challenge to pretrial detention on the basis of a stale and scientifically invalid probable cause determination,"[39] to "a pretrial detainee's claim that he had been incarcerated for over six months without a constitutionally adequate bail hearing,"[40] and to a pretrial detainee's challenge to the "forcible administration of antipsychotic medications."[41]

In this case, the first two *Younger* factors are satisfied because there are ongoing state-initiated proceedings that implicate the state's important interest in the enforcement of its criminal laws.[42] The third factor is also satisfied. Despite his arguments to the contrary, Mr. Martin has not plausibly alleged facts to suggest he cannot raise his federal constitutional claims in his pending state criminal cases, on direct appeal should he be convicted, or in state post-conviction relief proceedings. Both of Mr. Martin's cases are scheduled for trial within weeks, and

---

[37] *Id.* (quoting *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987)).

[38] *Bean*, 986 F.3d at 1133–34 (quoting *Dominguez v. Kernan*, 906 F.3d 1127, 1131 n.5 (9th Cir. 2018)).

[39] *Id.* at 1134 (citing *Page*, 932 F.3d at 904).

[40] *Id.* (citing *Arevalo*, 882 F.3d at 766–67).

[41] *Id.* at 1135.

[42] *See Younger,* 401 U.S. at 45. *See also Kelly v. Robinson,* 479 U.S. 36, 49 (1986) ("The States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."); *Lammers v. Hutchins,* No. CV 18-9433-SJO (GJS), 2019 WL 1771658, at *2 (C.D. Cal. 2019) ("Plainly, state criminal proceedings implicate important state interests.").

Case No. 4:23-cv-00028-SLG, *Martin v. State of Alaska*
Order of Dismissal
Page 7 of 10
Case 4:23-cv-00028-SLG   Document 3   Filed 12/27/23   Page 7 of 10

it appears his criminal defense attorney has already raised his "fruit of the poisonous tree" argument[43] in a pretrial motion to suppress.[44]

Mr. Martin's contention that state habeas relief is "non-existent" is without merit. He claims the right to habeas corpus relief in state court has been "suspended," and he was unable to file a writ in state court.[45] But the state court—applying Alaska Rule of Criminal Procedure 50 and Alaska Rule of Civil Procedure 81(c), which require that represented parties file motions and pleadings only through counsel—issued a deficiency memo and declined the petition submitted directly by Mr. Martin.[46] There is no indication his counsel will be unable to file any necessary filings, including appeals or post-conviction relief proceedings, should Mr. Martin be convicted. Because Mr. Martin has not demonstrated that he does not have an adequate state forum in which to pursue his federal constitutional claims, the third requirement is met. Finally, the injunctive relief that Mr. Martin seeks–dismissal of the charges and his immediate release–satisfies the fourth requirement for abstention, as it would effectively enjoin his state court prosecution.

---

[43] Docket 1 at 7-8 (arguing the charges should be dismissed as fruit of the poisonousness tree").

[44] *State of Alaska vs. Martin,* Case No. 4FA-22-02572CR (Case 1), Docket 10/31/2023 ("Motion to Suppress Datamaster and Other Evidence Obtained as the Result of an Unlawful Stop").

[45] Docket 1 at 7.

[46] *Id. See also State of Alaska vs. Martin,* Case No. 4FA-22-02572CR, Docket 11/09/2023 ("Criminal Deficiency Memo - General mailed re: Petition for Writ of Habeas Corpus and Brief in Support: Under Rule 86 of the Alaska Rules of Civil Procedure.").

Case No. 4:23-cv-00028-SLG, *Martin v. State of Alaska*
Order of Dismissal
Page 8 of 10
Case 4:23-cv-00028-SLG   Document 3   Filed 12/27/23   Page 8 of 10

In his petition, Mr. Martin has not alleged any specific facts that demonstrate an extraordinary circumstance warranting the Court's interference with the Alaska Court System's regular judicial procedure.[47] Neither Petitioner's allegations nor the state court record supports a finding of harassment or bad faith on the part of the state prosecution that might warrant piercing the veil of abstention.[48] And while Mr. Martin alleges double jeopardy and challenges his pretrial detention, he has not alleged facts to support a colorable claim that a state prosecution would violate the Double Jeopardy Clause or that he has been incarcerated for over six months without a constitutionally adequate bail hearing. A state may charge a criminal defendant with a violation of conditions of release and in a new criminal case for conduct committed while on supervised release without violating the Double Jeopardy Clause.[49] Further, the state docket demonstrates Mr. Martin has had multiple bail hearings after each violation and has been released on bail multiple times throughout the state court proceedings.

---

[47] *Jones v. Perkins,* 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.") (citations omitted).

[48] *See Juidice v. Vail,* 430 U.S. 327, 338 (holding the bad faith exception "may not be utilized unless" petitioner can allege and prove that the state prosecution is "in bad faith or [is] motivated by a desire to harass"); *Kugler v. Helfant,* 421 U.S. 117, 126 n.6 (1975) (holding bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction."); *Canatella v. Cal.,* 404 F.3d 1106, 1112 (9th Cor. 2005) (holding that the bad faith exception requires more than mere conclusory allegations to invoke).

[49] *Cf. United States v. Soto-Olivas,* 44 F.3d 788, 789 (9th Cir. 1995) (citation omitted) ("Revocation is not punishment for subsequent events which violate the parole [or probation] and which may also constitute a separate crime.").

Case No. 4:23-cv-00028-SLG, *Martin v. State of Alaska*
Order of Dismissal
Page 9 of 10
Case 4:23-cv-00028-SLG   Document 3   Filed 12/27/23   Page 9 of 10

Although Mr. Martin is now detained, he has not presented plausible facts to support a claim that he has been deprived of a constitutionally adequate bail hearing. The emotional toll and inconvenience of defending criminal charges are not the kind of special circumstances or irreparable harm that justify federal habeas intervention.[50] Similarly, neither Mr. Martin's complaint that the state appeals process is long and cumbersome, nor his unsupported argument that the State of Alaska lacks authority to prosecute him justify federal habeas intervention.[51]

For the foregoing reasons, the petition must be dismissed,

**IT IS THEREFORE ORDERED:**

1. The Petition at Docket 1 is **DISMISSED.**

2. The Clerk of Court is directed to enter a final judgment.

3. A certificate of appealability shall not issue.[52]

DATED this 27th day of December 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[50] *Younger,* 401 U.S. at 46, 53–54.

[51] *Cf. United States v. Ward*, 182 F.3d 930 (9th Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous" and that "courts ordinarily reject similar contentions without extended argument"); *Culpepper v. Biddle*, Case No. CV 18-8826-JFW (GJS) (C.D. Cal. 2018) ("As a threshold matter, Petitioner's sovereign citizen-type assertions are so patently frivolous and specious that little discussion about them is required.").

[52] 28 U.S.C. §2253(c)(1)(A). *See also Wilson v. Belleque,* 554 F.3d 816, 825 (9th Cir. 2009) ("[A] state prisoner who is proceeding under § 2241 must obtain a [Certificate of Appealability] under § 2253(c)(1)(A) in order to challenge process issued by a state court."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that a certificate of appealability may be granted only if the applicant made "substantial showing of the denial of a constitutional right," *i.e.*, showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotations and citations omitted)). Mr. Martin may request a certificate of appealability from the Ninth Circuit Court of Appeals.

Case No. 4:23-cv-00028-SLG, *Martin v. State of Alaska*
Order of Dismissal
Page 10 of 10
Case 4:23-cv-00028-SLG   Document 3   Filed 12/27/23   Page 10 of 10